**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **BYRONELL M. WELLS,** | : |
| Petitioner, | : |
| vs. | :   CIVIL ACTION 05-0356-CG-D |
| **J. C. GILES, Warden,** | : |
| Respondent. | : |

**REPORT AND RECOMMENDATION**

Byronell M. Wells, a state prisoner currently in the custody of respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 6)  Petitioner challenges the validity of his May 18, 2001, conviction for robbery in the first degree in the Circuit Court of Mobile County, Alabama and his sentence pursuant to the Habitual Felony Offender Act to a term of life imprisonment. (Doc. 14, Exhibit A, p. 3-4).

This action has been referred to the undersigned Magistrate Judge for entry of a report and recommendation as to the appropriate disposition of the issues in the petition.  See 28 U.S.C. § 636(b)(1)(B), 28 U.S.C. § 2254, Rule 8(b)(1) and Local Rule 72.2(c)(4).  Presently, this matter is before the Court on petitioner's petition (Doc. 6); respondent's answer and motion to dismiss the petition as untimely, and evidentiary submissions in support thereof (Doc. 14); and petitioner's response. (Doc. 16).

I.      Procedural History

Petitioner was indicted during the February 2001 term of the Mobile County Grand Jury

for robbery in the first degree. (Doc. 14, Exhibit A, C. p.1, 5-6 ) [1]   He plead not guilty and on

---

[1] The facts of the case, summarized in the Alabama Board of Pardons and Paroles Report of Investigation, are as follows:

On Sunday December 24, 2000 at approximately 1:00 p.m. Paul Jackson, 47, was selling newspapers at the corner of St. Stephens Road and North Catherine Street.  A black male subject riding a green bicycle approached him and asked to buy a newspaper, and if Jackson had change for a $5.00 bill.  Jackson told the subject that he did have change, at which time the subject produced a chrome semi-automatic handgun and told Jackson to give it up.  The victim told the subject that he only had what was in his top pocket and gave him $15.00.  The suspect then got on his bicycle and preceded (*sic*) north on Catherine Street.

Within moments, the victim flagged down an approaching police vehicle and notified them of the robbery and pointed out the suspect as he fled.  Officer B. Dunn and Officer L. Thomas gave pursuit of the suspect.  The subject went behind the shopping center [at] 1560 St. Stephens Road and as officers pursued him, he ran north to the rear parking lot.  He was taking off articles of clothing as he was running.  Officer Dunn pursued the suspect to the back yard of a house at the rear of the parking lot where he was apprehended, about 200 yards from the scene of the robbery.  Officers recovered the articles of clothing, and a black holster for a pistol.

The subject was transported to police headquarters and was identified as Byronell Marquis Wells.  Wells was read his Miranda warnings and agreed to give police a statement.  Wells initially stated that he asked the man for a newspaper, and the man gave him a newspaper and a $1.00 bill back.  Wells stated that the man was wearing headphones and he yelled at him to give him all his money back.  According to Wells, the subject gave him a handful of money.  Wells said he did not count the money, but put it in his pocket and rode away.  Wells said when he saw the police coming and heard the subject yelling that he had been robbed, he ran because he was scared.

Wells later changed his story and said that he asked the subject for change for a $5.00 bill and that the subject gave him change including some quarters.  Wells said that he was riding away when he saw the police and heard the subject saying that he had been robbed.  Wells could give police no explanation of the pistol holder that was found on the ground.  Police recovered a total of $20.99 from Wells.  He was booked in the Mobile Metro Jail and charged with Robbery 1st Degree in connection with this offense.

On the same date, Mobile Police Officers returned to the scene of the robbery and arrest and recovered a chrome .25 caliber semi-automatic handgun behind the dumpster located at 1560 St. Stephens Road.  The handgun was photographed and recovered as evidence.

(Doc. 14, attachment 3, p. 108-109).

May 17, 2001, his trial began (Doc. 14, Exhibit A, C, p. 2-3, R. 139). On May 18, 2001, the jury found him guilty of first degree robbery and on June 28, 2001, he was sentenced pursuant to the Habitual Felony Offender Act to a term of life imprisonment. (Doc. 14, Exhibit A, C, p. 4, 20).

Petitioner appealed his conviction and sentence to the Alabama Court of Criminal Appeals. (Doc. 14, Exhibit A, p. 4) On January 25, 2002, the appellate court affirmed petitioner's conviction and sentence in an unpublished memorandum opinion. (Id., Exhibit D) Petitioner filed an application for rehearing which was overruled on March 1, 2002. (Id., Exhibits E, F). Thereafter, petitioner sought certiorari review in the Alabama Supreme Court. (Id., Exhibit G) The Court denied the writ on August 16, 2002, without written opinion. (Id., Exhibit H) A certificate of judgment was entered on August 16, 2002 and petitioner's conviction became final ninety (90) days thereafter on November 14, 2002. (Id., Exhibit I )[2]

On December 13, 2002 petitioner executed a Rule 32 petition. (Id., Exhibit J, pp. 8-23) On February 7, 2003, the trial court entered an order denying the petition. (Id. at p. 24) Petitioner filed a written Notice of Appeal with the Alabama Court of Criminal Appeals on March 12, 2003. (Id. at p. 28) On June 20, 2003, in an unpublished memorandum, the Alabama Court of Criminal Appeals affirmed the trial court's denial of petitioner's Rule 32 petition. (Id., Exhibit M) Petitioner did not file an application for rehearing, nor did he file a petition for certiorari review. On July 8, 2003 the Alabama Court of Criminal Appeals issued a certificate of

---

[2] See Nix v. Secretary for the Dept. Of Corrections, 393 F.3d 1235(11th Cir. 2004) (the petitioner's conviction became final on the date that the 90-day period for seeking certiorari review with the United States Supreme Court expired); Jackson v. Secretary for the Dept. of Corrections, 292 F.3d 1347, 1348-49 (11th Cir. 2002) (§2255)

final judgment. (Doc. 14, Exhibit N)   Over a year later, on August 3, 2004, petitioner filed an application for rehearing. (Doc. 14, Exhibit O)   On August 9, 2004, the Alabama Court of Criminal Appeals issued an order striking the application on the grounds that it was untimely filed. (Doc. 14, Exhibit P)

On July 25, 2005, petitioner filed the instant petition seeking relief from his conviction and sentence. (Doc. 6)  On November 2, 2005, the State of Alabama filed an answer and motion to dismiss arguing, in part, that the petition should be dismissed as untimely filed. (Doc. 14) [3]

---

[3]  Respondent further argues that petitioner failed to exhaust his claims for purposes of habeas corpus review.  Respondent asserts that the "claim of ineffective assistance of trial counsel is presented for the first time in this court" and that although the remaining claims were raised "during the Rule 32 proceedings, [petitioner] either failed to appeal the claim (lack of notice claim, failure to conduct an evidentiary hearing claim, and introduction into evidence of the gun claim) or appealed the claim (proper certification of the prior convictions claim) but failed to seek certiorari review in the Alabama Supreme Court"; thus, all claims are now procedurally barred. (Doc. 14 at p. 8-10)   The court does not reach the issue of procedural default however, because it has determined that the petition is untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA") and the extraordinary remedy of equitable tolling is not warranted in this circumstance.

However, the undersigned notes that all of petitioner's claims appear to be procedurally barred since petitioner failed to exhaust them in his direct review or his Rule 32 petition.  See Dill v. Holt, 371 F.3d 1301, 1303 (11th Cir. 2004) ("Under Alabama law, 'one complete round' of review [ ] includes: (1) filing a petition for certiorari in state circuit court; (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals; (3) petitioning the Alabama Court of Criminal Appeals for rehearing, and (4) seeking discretionary review in the Alabama Supreme Court....").

In his federal habeas petition, petitioner argues that the Habitual Felony Offender Act should not have been applied; that petitioner was not aware of a gun that DA "entered into evidence, neither did petitioner counsel suppress evidence of gun" (sic); that petitioner should have had an evidentiary hearing on his Rule 32 petition; and ineffective assistance of trial counsel. (Doc. 6).  In his Rule 32 petition, petitioner raised four issues: He asserted that he was not aware of the gun that the District Attorney entered into evidence and "neither did petitioner's councle (surpress) evedence of gun (sic);" he asserted that the victim testified at trial that petitioner had a ".25 automatic with a (clip in a clip)", however, the "gun that was presented in court was without a clip attachment"; he asserted that finger print analysis was "never taken to prove without reasonable doubt that gun belonged to defendant"; and he asserted that the Habitual Offender Act should not have been applied because proper proof of the prior

This court entered an order directing petitioner to show cause why the States' motion to dismiss should not be granted. (Doc. 15)   The petitioner filed a response captioned "Motion for an Out of Time Appeal to the Southern District of Alabama." (Doc. 16).

I.   Analysis

Respondent argues, *inter alia*, that petitioner's habeas corpus petition, filed on July 25, 2005 [4] is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). (Docs. 6, 14).  Thus, petitioner's habeas corpus petition is due to be dismissed because it was not filed within one year of the date petitioner's conviction became final as required under the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA") (Doc. 14) AEDPA, which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition.  28 U.S.C.§ 2244(d)(1)(A).

---

convictions was not offered. (Doc. 14, Exhibit 11)   On direct appeal in the state court, petitioner raised two issues: "Whether the accused receives a fair trial where the jury empaneled to try him has been informed that he is known around jails" and "[w]hether the appellant is entitled to a lesser included charge of robbery in the third degree where there is evidence that he was not armed during the time of the alleged robbery." (Doc. 14, Exhibit 3).

[4] On May 6, 2005 petitioner filed a handwritten document entitled "Motion to Suspend Rules." (Doc. 1)  By order dated June 24, 2005, the court forwarded petitioner a habeas form advising that if it was petitioner's intent to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 he should complete the form and submit it to the court.  (Doc. 3) Petitioner subsequently completed a petition for writ of habeas corpus which reached this court on August 10, 2005. (Doc. 6)  Although the petition bears a file stamped date of August 10, 2005, under the "mailbox rule," the document is deemed filed on July 25, 2005, the date when the petition was executed and presumably submitted to the prison authorities for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir.1999) (under the "mailbox  rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing)

By order dated August 16, 2002, after the Alabama Supreme Court denied the petition for writ of certiorari, the Alabama Court of Criminal Appeals issued a certificate of final judgment on direct appeal. (Doc. 14, Exhibit I )  For purposes of applying the AEDPA's statute of limitations, the one year statute of limitations began to run on November 14, 2002[5], the date petitioner's conviction and sentence became "final" after ninety (90) days from the date of the certificate of final judgment on direct appeal. (Id., Exhibit I )  Petitioner had a total of one year (365 days) from November 15, 2002 to November 15, 2003 in which to file his federal habeas corpus petition. See Bond v. Moore, 309 F. 3d 770, 774 (11th Cir. 2002)

Petitioner did not file the instant habeas petition until July 25, 2005.  However, pursuant to the statute, the one year limitations period may be tolled if petitioner timely filed a Rule 32 petition since "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.  § 2244(d)(2). Petitioner timely filed a Rule 32 petition on December 13, 2002 and tolled the running of his one year statute of limitation after the passing of 28 days. (Id., Exhibit J, pp. 8-23)  On February 7, 2003, the trial court entered an order denying the petition. (Id. at p. 24)  Petitioner appealed to the Alabama Court of Criminal Appeals on March 12, 2003. (Id. at p. 28)  On June 20, 2003, in an unpublished memorandum, the Alabama Court of Criminal Appeals affirmed the trial court's

---

[5]  "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the clerk within ninety (90) days after entry of the order denying discretionary review." See Sup.Ct. R. 13.  (emphasis added)  When calculating the timeliness of a habeas petition brought under section 2254 the Eleventh Circuit has stated that the conviction does not become final until "90 days after entry of judgment in the state court of last resort." Jackson v. Secretary for the Dept. of Corrections, 292 F.3d 1347, 1348-49 (11th Cir. 2002)

denial of petitioner's Rule 32 petition. (Id., Exhibit M)   Petitioner did not file an application for rehearing, nor did he file a petition for certiorari review.  On July 8, 2003 the Alabama Court of Criminal Appeals issued a certificate of final judgment on the Rule 32 petition. (Id., Exhibit N)

At this time, petitioner's one year statute of limitations period was no longer tolled. Thus, for purposes of applying the AEDPA, the one year statute of limitations began to run again on July 8, 2003.  Petitioner then had 337 days or until June 9, 2004 to file his petition for habeas corpus with this court.  However, petitioner did not file the instant habeas petition until July 25, 2005, over a year *after* the federal statute of limitations had expired. (Doc. 6).

On December 9, 2005, petitioner filed a pleading captioned "Motion for an Out of Time Appeal" which appears to be filed in response to this court's order of November 8, 2005 wherein he was ordered to show cause why his federal habeas petition was not filed within the one year statute of limitations. (Docs. 15, 16)  In the pleading, petitioner argues that his failure to timely appeal the appellate affirmance of the denial of his Rule 32 petition, which was entered on June 20, 2003, was due to his transfer out of state from July 9, 2003 until March 7, 2004 to ease prison overcrowding. (Doc. 16) [6]   He applies the same argument to his failure to timely file his

---

[6] Petitioner's "appeal" of the Court of Criminal Appeals' decision affirming the trial court's denial of the Rule 32 petition was due on July 3, 2003, which is *prior* to the time petitioner alleges he was transferred to an out-of-state facility.  A full review by Alabama's intermediate appellate court is a prerequisite to certiorari review by the Alabama Supreme Court. See Ala. R. App. P. 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to certiorari review by the Alabama Supreme Court.")  Thus, petitioner would have had to file an application for rehearing in the Court of Criminal Appeals by July 3, 2003 prior to filing an application for writ of certiorari in the Alabama Supreme Court.  See Ala. R App. Proc. 40(c)("An application for rehearing and the brief in support of the application must be filed with the clerk of the appropriate appellate court within 14 days (2 weeks) of the date the decision being questioned is issued...." )

federal habeas petition. (Doc. 16, p.2)  Petitioner points out that the transfer was through no fault of his own and that because of the transfer he did not have proper materials, i.e., access to Alabama law, during the time period.  He also argues that he was not aware of the law regarding statute of limitations because he is in prison for the first time and did not know the procedure.  Petitioner also raises the argument that he had ineffective assistance of appellate counsel who did not work on his case in petitioner's best interest.  Lastly, he argues that the court should be open-minded and allow him the opportunity to try to correct his situation because he will be incarcerated for a long period of time. (Doc. 16)

      While it is clear that petitioner's habeas petition was untimely filed, before recommending dismissal, the undersigned must ascertain whether the petitioner has pled extraordinary circumstances which would justify equitable tolling of the limitations period.  The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)].  Equitable tolling is an extraordinary remedy which is typically applied sparingly.  See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not

8

sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir.), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002). Recently, the Eleventh Circuit has indicated that a showing of "actual innocence" may also be a recognized exception to the AEDPA's one year statute of limitations. U.S. v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure to timely file his §2255 motion." ) [7]

Petitioner fails to provide the court with any facts or circumstances to support an equitable tolling argument. See, e.g., Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999) (holding that, although equitable tolling can in certain circumstances apply to toll the AEDPA limitation period, it did not apply where the petitioner "does not indicate why he waited until March 1998 to pursue federal habeas corpus relief"); Bilodeau v. Angelone, 39 F. Supp. 2d 652,

---

[7] The Court opined, in pertinent part,:

> [A] defendant can also overcome the procedural bar created by the failure to appeal if he could show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'

Id. at 1120 (quoting Mills v. United States, 36 F.3d 1052,1055 (11th Cir. 1994) Accordingly, assuming the Eleventh Circuit would recognize the "actual innocence" exception as applied to the AEDPA statute of limitations, petitioner must present reliable evidence not previously presented at trial showing that no reasonable juror would have adjudged him guilty beyond a reasonable doubt.

9

659 (E.D.Va.1999) (declining to enlarge time for filing habeas petition where petitioner "has done nothing to explain to this Court's satisfaction his reason for such an inordinate delay").

Petitioner argues that his out of state transfer precluded his timely filing. However, he also states that he returned to Alabama on March 7, 2004. Thus, at that time, he still had until June 9, 2004 or 94 days to timely file his petition for habeas corpus. Also, even though he was in Alabama and had access to Alabama law for research, he waited until August 3, 2004, after the June 9, 2004 deadline had passed, to apply for rehearing in the Alabama Court of Criminal Appeals which was stricken as untimely on August 9, 2004. (Doc. 14, Exhibits 0, P) At this point, petitioner then waited almost another year until July 25, 2005, to file his federal habeas petition.

Petitioner argues that equitable tolling is necessitated since he is in prison for the first time and does not know the procedures necessary to timely present his issues. (Doc. 16, p. 2) However, the Eleventh Circuit has opined that "[i]gnorance of the law usually is not a factor that can warrant equitable tolling." Wakefield v. Railroad Retirement Bd., 131 F.3d 967, 970 (11th Cir.1997); see also Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999), cert denied, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed. 2d 389 (1999)(holding that AEDPA's limitation period not equitably tolled because "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.... It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Petitioner also argues that he had ineffective assistance of appellate counsel who did not act in his best interest. He submitted only this single statement and did not provide the court with any facts to illustrate how his appellate counsel's actions prevented him from filing his

federal habeas petition. However, negligent acts by an attorney are generally not a basis for equitable tolling. See Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005) quoting Howell v. Crosby, 415 F.3d 1250, 1250 (11th Cir. 2005) ( "Making the most of a novel argument, Lawrence posits that the State's provision to him of an incompetent attorney justifies the imposition of equitable tolling. This is not an extraordinary circumstance that warrants the application of equitable tolling. Moreover, we have stated on numerous occasions that 'attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline.'"); see also McLester v. Hopper, 67 F.Supp.2d 1308, 1311-1312 (M.D.Ala.,1999) (citing Justice v. U.S.A., 6 F.3d 1474, 1480 (11th Cir. 1993))("[p]rinciples of equitable tolling...do not extend to what is at best a garden variety claim of excusable neglect.")

In the final analysis, the Court finds that petitioner has not presented sufficient evidence to warrant equitable tolling. The Court's review of the record in this action does not reflect any justification for the late filing of the petition for habeas corpus and petitioner has offered no extraordinary circumstances to justify the out-of-time adjudication of his petition, filed more than 411 days after the federal statute of limitations had run. Moreover, the undersigned notes that the petitioner has not set forth any facts to support equitable tolling based on a fundamental miscarriage of justice. Accordingly, it is the recommendation of the undersigned that petitioner's habeas petitions be dismissed as time-barred.

III.    Conclusion

The undersigned has reviewed the pleadings and finds that the petitioner has presented no "extraordinary circumstances" that would justify the out-of-time adjudication of his petition.

Accordingly, since the petitioner has provided no basis for equitable tolling, it is the recommendation of the undersigned magistrate judge that petitioner's petition for writ of habeas corpus be dismissed as time barred pursuant to 28 U.S.C. § 2254(d).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this the 19th day of December 2005.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.     **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.     **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        **KRISTI K. DuBOSE
                                        UNITED STATES MAGISTRATE JUDGE**